# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

JOHNNIE FRANCES WILLIAMS, :
 :
   Plaintiff, :
 :
   v. : Civil Action No. 7:05-cv-69 (HL)
 :
LOWNDES COUNTY, et al. :
 :
   Defendants. :
_____

# ORDER

Before the Court are two Motions to Dismiss (doc. #'s 2, 11) filed by Defendants.[1]  For

the reasons set forth below, Defendants' Motion to Dismiss (doc. # 2) is granted in part and

denied in part.  Defendants' Motion to Dismiss (doc. # 11) is denied.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff, Johnnie Frances Williams ("Williams"), filed a Charge of Discrimination with

---

[1] Defendants named by Johnnie Frances Williams in her Complaint are: "Lowndes County aka Lowndes County Board of Assessors and Lowndes County Commissioners; Rodney N. Casey, individually and in his official capacity as County Commission Chairman; J. Edgar Roberts, individually and in his official capacity as County Commissioner; Richard C. Lee, individually and in his official capacity as County Commissioner; G. Robert Carter, individually and in his official capacity as County Commissioner; Joyce Evans, individually and in her official capacity as County Commissioner; Al Pitzing, individually and in his official capacity as County Assessor, W.G. Walker, individually and in his official capacity as County Assessor; Earl Wetherington, individually and in his official capacity as County Assessor Chairman; Leslie "Doyle" Kelly, individually and in her official capacity as County Assessor; Jo Ann Spicer, individually and in her official capacity as Chief County Appraiser; and Joe Pritchard, individually and in his official capacity as County Manager."  (Doc. # 1 at ¶ 22.)

the Equal Employment Opportunity Commission ("EEOC") on September 20, 2004.  Williams'

Charge alleged she had been subjected to disparaging remarks about her race and to a hostile

working environment within her workplace from November 2003 until the time she filed the

Charge.  Generally, Williams stated she believed she had been discriminated against because

of her race and demoted in retaliation for opposing unlawful employment practices.  The

particular alleged discriminatory incidents listed in the Charge included: (1) a "derogatory racial

statement"[2] made by Defendant Al Pitzing ("Pitzing") in November 2003; (2) Williams'

complaining about this derogatory statement to Defendant Jo Ann Spicer ("Spicer") and "the

Board"[3] and no corrective action being taken; (3) a derogatory racial statement[4] made by Spicer;

(4) Spicer's ordering Williams to take Spicer's grandchild "out in the field" while Spicer

attended a board meeting on March 12, 2004; (5) Spicer's reprimanding Williams on at least

two occasions; (6) Spicer's denying Williams time off work; and (7) Williams' demotion on

April 15, 2004, after she had filed a complaint with the "Board" regarding her working

environment.  (Doc. # 2, Ex. A.)  Williams' Charge concluded that "[s]imilarly situated White

employees have not been disciplined, asked to perform personal tasks, subjected to derogatory

racial remarks, denied time off or demoted under similar circumstances."  (Id.)

Following Williams' filing her Charge of Discrimination, the EEOC issued her a Notice

---

[2] Williams alleges Pitzing told her: "thirty years ago the neighborhood was pretty decent but now you have blacks and drugs."  (Doc. # 2, Ex. A.)

[3] For a discussion of what entity is, in fact, "the Board," see *infra*, Section III(C)(2).

[4] Williams alleges Spitzer informed her that Spitzer's father had been the Grand Dragon of the "Klu Klux Klan" [sic].

2

of Right to Sue on March 31, 2005. Williams then filed a Complaint (doc. # 1) in this Court on June 29, 2005, in which she sought redress for alleged racial discrimination in violation of Title VII of the 1964 Civil Rights Act ("Title VII"). Defendants submitted a Motion to Dismiss (doc. # 2) on February 15, 2006.[5] Therein, Defendants asserted that all Defendants, other than the Lowndes County Board of Assessors, and all of Williams' claims, other than her claim that she was allegedly demoted improperly on April 15, 2004, should be dismissed. (Id. at 4.) Williams filed a Response (doc. # 4); Defendants filed a Reply (doc. # 9).

Subsequently, on April 19, 2006, Williams filed an Amended Complaint (doc. # 10) to add a count of retaliatory termination against Defendants, alleging her employment was terminated on October 7, 2005, as a result of her having filed the present lawsuit. Defendants filed another Motion to Dismiss (doc. # 11) on April 28, 2006, arguing Williams' amended claim for retaliatory termination should be dismissed because: (1) it was untimely because Williams had not filed an EEOC charge of discrimination in connection with her termination nor had she received the required right to sue letter from the EEOC; and (2) Williams failed to obtain leave of the Court prior to filing her Amended Complaint, as required by Rule 15 of the Federal Rules of Civil Procedure. (Id. at ¶¶ 7-8.) Williams failed to respond to this Motion.

## II.   STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss a complaint should

---

[5] As an initial matter, Defendants waived service of process of the Complaint against them. (Doc. # 2 at ¶ 1.) The record does not disclose the reason for the lengthy lapse of time from the date of the filing of the Complaint to the date of the filing of the Motion to Dismiss.

not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Accordingly, "[at] the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999). Finally, the "threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . exceedingly low." <u>Ancata v. Prison Health Servs. Inc.</u>, 769 F.2d 700, 703 (11th Cir. 1985) (quotation and citation omitted).

## III.   ANALYSIS

Defendants raise a number of arguments about why each individual named as a defendant in this case should be dismissed: (1) Williams did not file a charge of discrimination with the EEOC contending she had been discriminated against by Rodney N. Casey ("Casey"), J. Edgar Roberts ("Roberts"), Richard C. Lee ("Lee"), G. Robert Carter ("Carter"), Joyce Evans ("Evans"), W.G. Walker ("Walker"), Earl Wetherington ("Wetherington"), Leslie "Doyle" Kelley ("Kelley") or Joe Pritchard ("Pritchard") (doc. # 2 at ¶¶ 6, 8); (2) Williams was not employed by any of the aforementioned individuals (<u>id.</u> at ¶¶ 7-8); (3) Williams' claims against Pitzing are untimely because she failed to file her charge of discrimination complaining of his conduct within 180 days of the alleged conduct (<u>id.</u> at ¶ 9); and (4) Williams' claims against Spicer are untimely because she failed to file her charge of discrimination complaining of Spicer's conduct within 180 days of the alleged conduct (<u>id.</u> at ¶ 10).

Defendants also request that all claims against "Lowndes County" and the "Lowndes

4

County Board of Commissioners" be dismissed, and they offer three major reasons for their dismissal.  First, Defendants contend Williams was employed solely by the Lowndes County Board of Assessors.  (Doc. # 2 at ¶ 7.)  Second, Defendants argue the Complaint should be dismissed against Lowndes County and the Lowndes County Board of Commissioners because Williams did not include them in her EEOC Charge.  (Id. at ¶ 6.)  Third, Defendants argue the Complaint should be dismissed against Lowndes County and the Lowndes County Board of Commissioners because Williams did not timely make any charge of discrimination with the EEOC against them.  (Id. at ¶ 8.)  Williams flatly disagrees with Defendants' contentions.  She asserts that Lowndes County and the Lowndes County Board of Commissioners were in supervisory positions above her, that she had specifically addressed the actions of the Lowndes County Board of Commissioners in her EEOC Charge, and that these particular Defendants' failure to comply with federal laws against discrimination, even after her appeals to them, constitutes a violation of Title VII.  (Doc. # 4 at 6.)

### A.    Individual Capacity

Rather than address the points raised by Defendants regarding the liability of various individuals, the Court first raises sua sponte the issue of whether Title VII allows individual capacity suits at all.  See, e.g., Grant v. Bullock County Bd. of Educ., 895 F. Supp. 1494, 1499-1500 (M.D. Ala. 1995).  The United States Court of Appeals for the Eleventh Circuit has clearly held, "Individual capacity suits under Title VII . . . are inappropriate.  The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act."  Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991).  Based on

5

Eleventh Circuit precedent, it is clear Williams cannot maintain a lawsuit against any of the individual Defendants in their individual capacities. Therefore, the Court sua sponte dismisses Casey, Roberts, Lee, Carter, Evans, Pitzing, Walker, Wetherington, Kelley, Spicer and Pritchard, in their individual capacities, from this suit.

## B.    Official Capacity

### 1.    Generally

Although the parties also failed to address whether the claims against the aforementioned Defendants in their official capacities should be dismissed, the Court shall decide this issue sua sponte as well. See, e.g., Blalock v. Dale County Bd. of Educ., 33 F. Supp. 2d 995, 998-99 (M.D. Ala. 1998). Courts in the Eleventh Circuit have dismissed Title VII claims against defendants in their official capacities when a plaintiff's employer was already a named defendant because such a construction would be repetitious. See id. In the present case, a number of entities have been named as Williams' employer, including Lowndes County, the Lowndes County Board of Assessors and the Lowndes County Commissioners.[6] At the very least, both parties agree that the Lowndes County Board of Assessors was Williams' employer. (Doc. # 2 at ¶ 7; Doc. # 4 at ¶ 7.) While the parties disagree about whether the additional entities were Williams' employers as well, a point which the Court will address later in this Order,[7] the Court is satisfied that Williams' employer has been properly named as a Defendant.

---

[6] At this point, it remains unclear whether Pritchard, the County Manager, or Spicer, the Chief County Appraiser, may have functioned as Williams' employer in their official capacities as well. For the reasons set forth in Sections III(B)(2) and (3), the Court does not answer this question in this Order.

[7] For a discussion of what entity is, in fact, Williams' employer, see infra, Section III(C)(1).

Or, more simply put, no matter who the Court finally concludes was Williams' employer, it is satisfied that this entity or entities is already a party to the suit. Therefore, the Court finds Williams' lawsuit against Casey, Roberts, Lee, Carter, Evans, Pitzing, Walker, Wetherington and Kelley in their official capacities would be unnecessary and duplicative, since her employer is properly named as a Defendant. Accordingly, the Title VII claims asserted against these Defendants in their official capacities are dismissed as well.

**2.    Joe Pritchard, County Manager**

Despite the Court's dismissal of Title VII claims against the previous nine individuals in their official capacities because of unnecessary duplication, the Court does not dismiss the suit against Pritchard in his official capacity as County Manager for that reason. While the Complaint alleges that Casey, Roberts, Lee, Carter, Evans, Pitzing, Walker, Wetherington and Kelley are either direct agents or employees of the Lowndes County Board of Assessors or the Lowndes County Commissioners, the Court cannot discern from the face of the Complaint the nature of the relationship between Pritchard and these entities or the role the County Manager may or may not have played as Williams' employer. Because of the early stage of this litigation, the Court shall not make a determination on this question at this point.

Having determined not to dismiss Pritchard sua sponte in his official capacity based on duplication, the Court shall address the specific arguments regarding his dismissal previously made by Defendants. In their Motion, Defendants contend Pritchard should be dismissed because (1) Williams did not file a charge of discrimination with the EEOC contending she had been discriminated against by him and (2) Pritchard was not Williams' employer.

7

Title VII requires ordinarily that an individual filing a charge with the EEOC name all of the individuals against whom the charge is brought.  42 U.S.C. § 2000e-5(f)(1) (2003); see Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1358 (11th Cir. 1994).  "This naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII."  Id.  Nevertheless, the Eleventh Circuit liberally construes the naming requirement of Title VII, examining whether the purposes of the Act have been fulfilled to determine whether a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal courts.  Id. at 1358-59; Clark v. City of Macon, Ga., 860 F. Supp. 1545, 1550 (M.D. Ga. 1994).

> In order to determine whether the purposes of Title VII are met, courts do not apply a rigid test but instead look to several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.

Virgo, 30 F.3d at 1359.

Furthermore, courts in the Eleventh Circuit have found an "identity of interest" may exist when, "under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings." Wong v. Calvin, 87 F.R.D. 145, 148 (D.C. Fla. 1980) (citing Glus v. G. C. Murphy Co., 562 F.2d 880, 888 (3d Cir.

1977)).

Here, Defendants argue the Complaint should be dismissed against Pritchard because Williams did not file a charge of discrimination with the EEOC contending she had been discriminated against by him.  Although Williams vaguely responds that Pritchard should not be dismissed from the suit because he was "in a supervisory position" to Williams, she never addresses why she did not name him in her Charge, how he might enjoy an identity of interest with the Defendants she did name in the Charge or any other reason why she should be excused from having failed to meet Title VII's naming requirement as to Pritchard.  Accordingly, the Court finds Defendants' argument is correct and grants their Motion in this regard.  Pritchard shall be dismissed from the lawsuit in his official capacity.

Based on its finding that Pritchard shall be dismissed from the lawsuit in his official capacity due to Williams' failure to comply with Title VII's naming requirement, the Court need not address Defendants' second contention, that Pritchard was not Williams employer.  Finally, for the reasons mentioned before, Pritchard is also dismissed from the suit in his individual capacity.

### 3. Jo Ann Spicer, Chief County Appraiser

Similarly, the Court does not at this time dismiss the suit against Spicer in her official capacity as Chief County Appraiser based on duplication.  While the Complaint alleges that Casey, Roberts, Lee, Carter, Evans, Pitzing, Walker, Wetherington and Kelley are either direct agents or employees of the Lowndes County Board of Assessors or the Lowndes County

Commissioners, the Court cannot discern from the face of the Complaint the nature of the relationship between Spicer and these entities or the role the Chief County Appraiser may or may not have played as Williams' employer.  Because of the early stage of this litigation, the Court leaves this matter to be determined another day.

Having decided not to dismiss Spicer sua sponte in her official capacity based on duplication, the Court shall address the specific argument regarding her dismissal previously made by Defendants.  In their Motion, Defendants contend Williams' claims against Spicer should be dismissed as untimely because Williams failed to file her charge of discrimination complaining of Spicer's conduct within 180 days of the conduct about which she complained.  Title VII requires a complainant to file a charge of discrimination with the EEOC within 180 days[8] after the alleged unlawful employment practice occurred.  42 U.S.C. § 2000e-5(e)(1) (2003).  Thus, when a plaintiff does not file the charge of discrimination within the specified 180 days, she generally may not bring a cause of action for employment discrimination under Title VII.

However, under the "continuing violations doctrine," an employer who has "committed a series of discrete acts which amount to a practice of discrimination cannot rely on Title VII's 180-day filing requirement to bar an employee's suit unless the employee has waited more than

---

[8] The 180-day limit applies to claims raised by plaintiffs in so-called "non-deferral" states, such as Georgia, that do not have an EEOC-like state administrative agency.  See, e.g., Ledbetter v. Goodyear Tire and Rubber Co., Inc., 421 F.3d 1169, 1178 (11th Cir. 2005) (contrasting the 180-day deadline in non-deferral states with the 300-day deadline and additional procedural requirements in deferral states); see also Watson v Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003) ("Georgia is a non-deferral state....").

180 days from the last occurrence of the discrete acts." <u>EEOC v Union Camp Corp.</u>, 7 F. Supp. 2d 1362, 1373 (11th Cir. 1997). To help determine if a violation is continuing, courts in the Eleventh Circuit have applied three, non-exhaustive factors. <u>See</u> <u>Clark</u>, 860 F. Supp. at 1550. "Courts should consider (1) the subject matter, whether the acts involve similar types of discrimination; (2) the frequency, whether the acts are isolated incidents; and (3) the degree of permanence, is the act likely to trigger the employee's awareness of and duty to assert her rights." <u>Id.</u>

Before the Court can apply these factors to Spicer's conduct and evaluate whether each alleged act constitutes a discrete incident or a continuing violation, the Court must first identify which acts are in question and when they occurred. According to Williams' Charge, Spicer committed at least seven acts which constitute employment discrimination: (1) Spicer failed to act when notified of derogatory racial comments made by Pitzing; (2) Spicer informed Williams that her father had been the Grand Dragon of the Ku Klux Klan; (3) on March 12, 2004, Spicer ordered Williams to take her grandchild out in the field with her while Spicer attended a meeting; (4 and 5) Spicer reprimanded Williams on two occasions; (6) Spicer denied Williams time off from work; and (7) Spicer demoted Williams on April 15, 2004. However, despite Defendants' contention that only the last incident occurred within 180 days of Williams' September 20, 2004 filing of her Charge, the Court is uncertain how Defendants were able to reach that conclusion, since Williams only provided dates for two of the seven incidents.

Because neither Party disputes that Williams' April 15, 2004 demotion falls within the

180-day deadline, Williams' claim with respect to her demotion will be allowed to proceed. Regarding the March 12, 2004 incident when Spicer ordered Williams to take Spicer's grandchild out in the field, Defendants allege this incident is untimely although Williams alleges it falls within the safe harbor of the continuing violations doctrine.  At this stage in the litigation, where all reasonable inferences must be made in Williams' favor, it is possible this incident is a continuing violation.  While it may be shown in discovery that actually this was a discrete incident that was separate in time and character from the timely filed demotion claim, the allegation of a continuing violation alone is enough to survive a motion to dismiss and from the facts in her Complaint, Williams may be able to establish a continuing violation. Accordingly, the Court will deny the Motion to Dismiss as it relates to the March 12, 2004, incident.

Furthermore, due to a lack of information, namely, when they occurred, the Court is unable to rule on whether the remaining five incidents should be dismissed.  It is possible these incidents took place within 180 days of Williams filing her Charge, in which case they may be timely.  It is also possible they were filed in an untimely fashion, in which case they may or may not be construed as isolated incidents or continuing violations.  The Court assumes these questions may be answered in discovery and those answers may be the basis of future motions. However, the Court will deny the Motion to Dismiss Williams' claims as untimely at this stage in the litigation.

In conclusion, Spicer, in her official capacity, shall remain a party in this lawsuit for the

time being and Williams' suit against her employer based on all of Spicer's alleged unlawful conduct may proceed.  However, for the aforementioned reasons, Spicer is still dismissed from the suit in her individual capacity.[9]

C.    **Board Liability**[10]

1.    **Williams' Actual Employer**

Title VII mandates "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C.A. § 2000e-2(a)(1) (2003). The term "employer" is further defined as "a person engaged in an industry effecting commerce who has fifteen or more employees for each working day . . . and any agent of such person." 42 U.S.C.A. § 2000e (2003).

_____

[9] The Court also notes that although Pitzing has already been dismissed from the lawsuit in both his individual and official capacities, Williams is not barred from pursuing any claim against her employer for Pitzing's alleged discriminatory comments detailed in Williams' Charge.  Despite Defendants' allegation that Williams' claims against her employer thorough its agent Pitzing are untimely because she failed to file her charge of discrimination complaining of his conduct within 180 days of the alleged conduct, it is possible that these comments were a part of Williams' employer's alleged continuing violations of Title VII.  Therefore, Williams' claims may proceed for now, even though it may be shown at a later stage that there was in fact no connection between Pitzing's alleged comments and Williams' demotion and termination.

[10] Defendants objected to the presence of the Board of Commissioners and Board of Assessors in this lawsuit on a number of grounds which the Court shall address in this Order.  One other possible objection, which was not raised, is whether these two Boards may be held independently liable for any of the alleged misconduct, or whether such liability would instead attach only to Lowndes County. Because this potential objection was not placed before the Court, it has not been considered.

Defendants contend the Board of Assessors was Williams' only employer as defined by Title VII, and that neither the Board of Commissioners nor any other named Defendant qualified as such. Specifically, Defendants posit the Board of Commissioners acts only as a taxing authority, per Georgia Law 1972, p. 1452, § 1; continued in effect by Georgia Law 1985, p. 3888, § 2. Therefore, although the Board of Commissioners is obligated by law to provide funding, office space, materials and equipment to the Board of Assessors, it exercises no control over the Board of Assessors' personnel. By contrast, Williams contends the Board of Commissioners maintained a "supervisory status" over her position and was thus her employer.

The Court has examined the statutes cited by Defendants, and concludes that although they do outline the financial relationship between the Boards of Commissioners and Assessors, they do not detail the degree to which, if at all, the former enjoys employee supervision over the latter. Indeed, the legislation cited by Defendants does not address in the slightest whether the Board of Commissioners may or may not be the employer of Williams or similarly situated employees. Therefore, whether or not the Board of Commissioners is Williams's employer is a matter in factual dispute.

This matter comes before the Court at the motion to dismiss stage, and as such, the Court is obliged to accept Williams' well-pleaded facts as true, and concludes it is possible for Williams to prove a set of facts in her claim which would entitle her to relief. At this stage, the standard for maintaining Williams' Complaint on this point has been met. Defendants' Motion to Dismiss the Board of Commissioners on this ground is denied.

## 2.    Employers Named in the Original Charge of Discrimination

As mentioned previously, Title VII ordinarily requires that an individual filing a charge with the EEOC name all individuals against whom the charge is brought.  42 U.S.C. § 2000e-5(f)(1) (2003).  This naming requirement has been much expounded upon by courts in decisions such as the already discussed <u>Virgo</u>, <u>Clark</u> and <u>Wong</u>.

Here, Defendants argue the Complaint should be dismissed against the Lowndes County Board of Commissioners because Williams did not include it in her EEOC Charge.  Williams responds that in fact she specifically addressed the actions of the Lowndes County Board of Commissioners in her EEOC Charge.  Indeed, Williams' Charge details her reporting Defendant Spicer's derogatory comments to "the Board" and also states she had filed a complaint with "the Board."  Because there are two Boards involved in the current situation, it not clear to which Board Williams is referring in her Charge.

Accordingly, the Court shall not grant Defendants' Motion to Dismiss for three reasons. First, accepting Williams' assertion as true and construing the reasonable inferences therefrom in the light most favorable to her, it is plausible that Williams was in fact speaking about the Board of Commissioners in the Charge when she generally referred to the "Board."  As such, she may have actually already met the naming requirement.  Second, even if the Board of Commissioners is not the party to which Plaintiff is referring, it is still possible the two Boards are so intertwined as to share an "identity of interest."  Third, examining the factors set forth in <u>Virgo</u>, the Court is satisfied the purposes of Title VII's naming requirement have been met

15

for the Board of Commissioners.  Consequently, Defendants' Motion to Dismiss due to Williams' not having properly named the Board of Commissioners in her Charge is denied.

### 3.        Need for a Potential New Charge of Discrimination

Defendants further argue the Complaint should be dismissed against the Lowndes County Board of Commissioners because Williams has not timely made any charge of discrimination with the EEOC against it.  However, per the Court's previous analysis, it is unclear whether Williams may have already named the Board of Commissioners or whether it may share an "identity of interest" with the Board of Assessors such that it would be unnecessary for the Board of Commissioners to be named separately.  Therefore, the Court will not grant Defendants' Motion to Dismiss on this ground.

### D.    Lowndes County Liability

Finally, the Court must address the presence[11] and propriety of Lowndes County as a

---

[11] The Court notes that in the heading of her Complaint, Williams' list of Defendants begins: "Lowndes County aka Lowndes County Board of Assessors and Lowndes County Commissioners." Later, within the "Parties" section of the Complaint, Williams states "[t]he Defendants are Lowndes County also known as the Lowndes County Board of Commissioners and Lowndes County Board of Assessors" and then, when listing the Defendants in the case, Williams includes "Lowndes County also known as Lowndes County Board of Assessors."   (Doc. #1 at ¶¶ 12, 22.)   Based on these characterizations of Lowndes County, the Lowndes County Board of Commissioners and the Lowndes County Board of Assessors as interconnected ("aka" and "also known as"), the Court might have concluded there was only one Defendant—Lowndes County—that there were two Defendants—the Lowndes County Board of Commissioners and the Lowndes County Board of Assessors—or that there were three Defendants—Lowndes County, the Lowndes County Board of Commissioners and the Lowndes County Board of Assessors.  However, given the parties' subsequent filings, in which both Williams and Defendants appear to treat the three entities each as a separate Defendant, the Court shall do the same.  Therefore, the Court shall continue to proceed in this lawsuit under the assumption that there are three separate and distinct Defendants: Lowndes County, the Lowndes County Board of Commissioners and the Lowndes County Board of Assessors.

Defendant in this lawsuit.  Defendants offer the three identical reasons to dismiss Lowndes County from the case that they presented regarding the Lowndes County Board of Commissioners: (1) Williams was employed solely by the Lowndes County Board of Assessors; (2) Williams did not include Lowndes County in her EEOC Charge; and (3) Williams did not timely make any charge of discrimination with the EEOC against Lowndes County.  Williams' responses are also the same, as are the Court's conclusions.

As the Court has reiterated throughout the Order, it simply cannot tell from the face of the Complaint the role Lowndes County may or may not have played as Williams' employer. Because of the early stage of this litigation, the Court shall not make a determination on this question at this point.  Furthermore, although an individual filing a charge with the EEOC must name all individuals against whom the charge is brought, Williams named the Board of Assessors explicitly and "the Board" vaguely in her Charge, and it is possible Lowndes County shares an "identity of interest" with this entity (or entities) such that Lowndes County may have been effectively named.  Also, examining the factors set forth in <u>Virgo</u>, the Court is satisfied the purposes of Title VII's naming requirement have been met for Lowndes County. Consequently, Defendants' Motion to Dismiss due to Williams not having properly named Lowndes County in her Charge is denied.

### E.    Amended Complaint

Williams also seeks to amend her Complaint (doc. # 10) to add a count of retaliatory termination against Defendants, alleging her employment was terminated on October 7, 2005,

17

as a result of her having filed the present lawsuit.  Defendants oppose this and have filed a

second Motion to Dismiss (doc. # 11), in which they argue Williams' amended claim should be

dismissed because: (1) it is untimely since Williams has not filed an EEOC charge of

discrimination in connection with her termination nor has she received the required right to sue

letter from the EEOC; and (2) it is improper since Williams failed to obtain leave of the Court

prior to filing her Amended Complaint, as required by Rule 15 of the Federal Rules of Civil

Procedure.

### 1.      Timeliness

As a general rule, a party seeking to pursue a claim under Title VII must satisfy

certain specified procedural requirements.  See, e.g., Wheeler v. Am. Home Prods. Corp., 582

F.2d 891, 897 (5th Cir. 1977) ("It is clear that a single individual plaintiff in a civil action under

Title VII must satisfy two jurisdictional requisites: (1) a charge must have been filed with [the]

EEOC and (2) the statutory notice must have been received from [the] EEOC.").   However,

cases decided by the Supreme Court of the United States and the Eleventh Circuit have made

clear that Title VII's procedural requirements are not jurisdictional requirements but are,

instead, conditions precedent to suit that are subject to modification.  See, e.g., Zipes v. Trans

World Airlines, Inc., 455 U.S. 385, 393 (1982) (holding that "filing a timely charge of

discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a

requirement that . . . is subject to waiver, estoppel, and equitable tolling"); Fouche v. Jekyll

Island-State Park Auth., 713 F.2d 1518, 1525 (11th Cir. 1983) (holding that in Title VII suits

18

brought against the state, requirement that claimant receive a right to sue notice from the Attorney General may be waived by the court).

Thus, although the general rule in the Eleventh Circuit is that a plaintiff will be required to exhaust administrative remedies before bringing suit under Title VII in the district courts, the circumstances of a given case may warrant an exception to the general rule. As the Eleventh Circuit noted in Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989), "We have refused, however, to demand such exhaustion in all situations, recognizing that literal compliance does not always effectuate the purpose of the requirement, which is to promote informal settlements." In Wu, the court noted as one area in which it had recognized that strict compliance with Title VII is unnecessary is when a plaintiff has a charge with the EEOC, "but in her judicial action the plaintiff raises related issues as to which no filing has been made." Id. The key distinction, according to the Eleventh Circuit, is that

> the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. Judicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints are appropriate. Allegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate.

Id. (citations and quotations omitted).

In Wu, therefore, the court concluded that the plaintiff's failure to receive a right to sue letter on her third EEOC charge did not preclude her from bringing suit in district court based on the allegations contained in the third charge. The court reasoned that the allegations

presented in the third charge served "only to amplify" the claims made in the first two EEOC charges, for which the plaintiff received right to sue letters.  Id.

The circumstances of this case are sufficiently similar to those in Wu to permit the Court to conclude that the requirements of filing an EEOC charge of discrimination and receipt of a right to sue letter—normally a condition precedent to suit in federal court—may be waived. Williams filed her charge of discrimination September 20, 2004, alleging discrimination because of her race and demotion in retaliation for opposing unlawful employment practices. The basis for the retaliation claim Williams seeks to add to her Complaint is that her employment was terminated on October 7, 2005, as a result of her having filed the present lawsuit.  This Court has no trouble finding that the allegation of wrongful conduct made in the attempt to amend Williams' Complaint is but an "additional instance[] of wrongful retaliatory conduct on the part of [defendant]."  Id.  Thus, Williams' failure to receive a right to sue letter on this EEOC charge is no obstacle to her desire to amend the Complaint to add a claim for the wrongful conduct.

## 2.    Federal Rule of Civil Procedure 15(a)

Federal Rule of Civil Procedure 15(a) states that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."  Fed. R. Civ. P. 15(a).  The Rule further directs that after a responsive pleading has been served, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Id.  However, for the

20

purposes of Rule 15(a), a motion to dismiss is not a responsive pleading. <u>See, e.g.</u>, <u>Williams v. Bd. of Regents of Univ. Sys. of Ga.</u>, 441 F.3d 1287, 1296 (11th Cir. 2006).

Here, Defendants contend that because Williams has been served with their Motion to Dismiss, her filing titled "Amended Complaint" (doc. # 10), docketed without leave of the Court or by their written consent, should be dismissed.  Defendants' assertion is incorrect. Because no leave of the Court nor written consent of an adverse party is required to file a first amended complaint when no responsive pleading has been filed, Williams has the right to amend her complaint as a matter of course.  Defendants' Motion to Dismiss on this ground is denied.

## IV.    CONCLUSION

Defendants' Motion to Dismiss (doc. # 2) is granted in part and denied in part. Defendants' Motion to Dismiss (doc. # 11) is denied.

Specifically, the Court dismisses Rodney N. Casey, J. Edgar Roberts, Richard C. Lee, G. Robert Carter, Joyce Evans, Al Pitzing, W.G. Walker, Earl Wetherington, Leslie "Doyle" Kelley, Jo Ann Spicer and Joe Pritchard, in their individual capacities, from this suit.  In addition, Williams' lawsuit against Rodney N. Casey, J. Edgar Roberts, Richard C. Lee, G. Robert Carter, Joyce Evans, Al Pitzing, W.G. Walker, Earl Wetherington, Leslie "Doyle" Kelley and Joe Pritchard in their official capacities is dismissed as well.

By contrast, Williams' suit may proceed against Lowndes County, the Lowndes County Board of Assessors and the Lowndes County Board of Commissioners.  Williams' suit may also proceed against Jo Ann Spicer, Chief County Appraiser, in her official capacity.

21

Williams' Amended Complaint (doc. # 10) is properly filed and before the Court.

**SO ORDERED**, this the 21st day of August, 2006.

**s/    Hugh Lawson**

HUGH LAWSON, JUDGE

pdl